# Exhibit E

Case 1:23-cv-10828-KPF Document 20-5 Filed 12/30/23 Page 2 of 6 PageID #: 178

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
**CRYSAL CROSLEY** *et al.*,

       Plaintiffs,                                   **DECLARATION**

-against-

**DAVID C. BANKS** *et al.*,                            23-CV-08560

       Defendants.
-------------------------------------------------------X

ARTHUR MIELNIK, declares under 28 U.S.C. § 1746 that:

1. I am the Deputy Director of Strategic Planning for the International Academy for the Brain ("iBRAIN"), which is a special education program with two locations in New York City: Upper East Side in Manhattan and Sunset Park in Brooklyn.

2. iBRAIN employs over 200 employees, servicing over sixty students across both campuses.

3. As Deputy Director of Strategic Planning, I am familiar with iBRAIN's financial matters, including the program's revenue and expenses.

4. I submit this Declaration in favor of Plaintiffs' motion for a temporary restraining order (TRO) seeking enforcement of Plaintiffs' pendency orders to fund the Students' tuition at iBRAIN.

5. On October 19, 2023, Chris Whalen, CPA, iBRAIN's accountant, sent a letter ("Whalen Letter"), to Ms. Sapna Kapoor, Esq., the Director of Defendants' Impartial Hearing Order Implementation Unit.

6. The Whalen Letter was also copied to iBRAIN's outside counsel Sidhardha Kamaraju, Esq. at Pryor Cashman, Mr. John C. Panicali, CPA of the DOE's Implementation Unit, Mr. David Thayer, Esq. of the New York City Law Department, and Mr. Thomas Lindeman, Esq. of the New York City Law Department.

7. The Whalen Letter was directly addressed to Ms. Kapoor and provided an accounting of the outstanding balances of the Student-Plaintiffs here and over thirty other Students at iBRAIN.

8. The Whalen Letter addressed over thirty students whose pendency placements/programs under IDEA are at iBRAIN for the current SY—and, in some cases, prior SYs.

9. The Whalen Letter details iBRAIN's dire financial situation, caused by Defendants**' failure to remit over $3.9 million in tuition payments** to the Student-Plaintiffs' private school since July 5, 2023—payments mandated by IDEA's stay-put provision.

10. As Deputy Director of Strategic Planning at iBRAIN, I am aware of the outstanding balance for tuition and related services, as pendency, that the DOE has failed to fund.

11. Indeed, from July 5, 2023, through the present, DOE failed to fund over $4.3 million in pendency funding.

12. DOE has not responded to Mr. Whalen's letter, nor has DOE provided me or iBRAIN with an explanation for withholding over $4.3 million in tuition, or when the tuition that DOE admits and agrees is owed, will be paid.

13. In the meantime, on November 1, 2023, I contacted the leadership of DOE and the leadership of its counsel at the New York City Law Department via email, urging a timely and serious response while reiterating the facts outlined in the Whalen Letter and requesting an opportunity to discuss the gravity of the situation with anyone who could help.

14. My email chains to the NYC DOE and the NYC Law Department are attached to Plaintiffs' Complaint as **Exhibits 16 and 17, respectively.**[1]

15. Exhibits 16 and 17 to Plaintiffs' Complaint, [ECF No. 1–16 and 1–17] are accurate copies of my email exchanges with the DOE and the NYC Law Department and show how the Students'

---

[1] This was partially in response to the DOE and its counsel delaying a "meet and confer" that Judge Broderick ordered after an emergency hearing in *Ogunleye et al v. Banks et al*, 23-cv-09092 (VSB)—at which I was present to testify if the Court required my testimony. Ultimately, I did not testify in that proceeding.

2

educational placements have been at risk because of DOE's failure to remit over $4 million in pendency payments that they admit are owed, as well as the DOE's lackadaisical attitude toward the pending demise of the Students' educational programs.

16. Indeed, almost two weeks after my initial outreach, on November 13, 2023, Ms. Elizabeth Vladeck, Esq., the General Counsel for the DOE, responded to my email outreach via email, "I am writing in response to your message below. As iBrain is not a party to any of the impartial hearing cases referenced therein, nor is iBrain a party to the various federal actions that involve several of the IH cases listed, we are not in a position to discuss specific cases with you. To the extent that you have student-specific questions, please reach out to the parents' attorneys, who appear to be copied here."

17. The Student-Plaintiffs' educational program at iBRAIN is at serious risk of closure if Defendants do not immediately make the pendency payments that were previously ordered.

18. iBRAIN employs over 200 dedicated staff members comprising special education teachers, physical therapists, occupational therapists, speech-language pathologists, vision education teachers, paraprofessionals, and other clinical and administrative staff.

19. iBRAIN's monthly payroll expenses typically exceed $1 million per month, paid in bi-monthly installments (1st and 15th of each month).

20. Because Defendants have failed to fund the Students' pendency placements/programs and/or because of their delay in funding the Students' pendency placements/programs, **iBRAIN could not fully cover its most recent payroll obligations on November 15, 2023**.

21. Employees have still not been paid since November 15, and the relief sought here will be used to pay iBRAIN's employees—if granted.

22. iBRAIN is behind over two months in rent for its two campuses, the Upper East Side of Manhattan and Sunset Park of Brooklyn, as well as many other monthly fixed expenses, which

3

typically exceed $250,000 per month.

23. iBRAIN has exhausted all of its reserve capital and its access to all lines of potential credit.

24. If the Student-Plaintiffs cannot get the relief they are requesting, which is payment as pendency, for their current educational placement/program, the program will close, and they, as well as over sixty other students with disabilities, will be displaced from their current educational programs and will again be denied the free appropriate public education that the DOE is obligated to provide.

25. I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 21, 2023.
     New York, New York

By: */S/ Arthur Mielnik*
    Arthur Mielnik

4