UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MADELINE GRULLON as Parent and Natural Guardian of
C.B., and MADELINE GRULLON Individually *et al*.,

**ANSWER TO COMPLAINT**

Plaintiffs,     23-cv-10388 (KPF)

-against-

DAVID C. BANKS, in his official capacity as Chancellor of
the New York City Department of Education and the NEW
YORK CITY DEPARTMENT OF EDUCATION,

Defendants.

------------------------------------------------------------------------ x

Defendants David C. Banks, in his official capacity as Chancellor of the New York City Department of Education, and New York City Department of Education (collectively, "Defendants") by their attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege as follows:

1.     Paragraph "1" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "1" and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

2.     Paragraph "2" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "2" of the Complaint and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

3.     Paragraph "3" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in

paragraph "3" of the Complaint and respectfully refer the Court to 20 U.S.C. §§ 1412-14 for a complete and accurate statement of the obligations of school districts in participating states.

4.      Paragraph "4" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "4" of the Complaint and respectfully refer the Court to 20 U.S.C. §§ 1401(14) and 1414(d) regarding Individualized Education Programs ("IEPs").

5.      Deny the allegations set forth in paragraph "5" of the Complaint, and respectfully refer the Court to each Student's IEP for a complete and accurate statement of their diagnoses, educational abilities, and performance.

6.      Deny the allegations set forth in paragraph "6" of the Complaint but admit that each Parent-Plaintiff brought a Due Process Complaint ("DPC") against the New York City Department of Education, and respectfully refer the Court to each Student's DPC for a complete and accurate statement of the allegations contained therein.

7.      Deny the allegations set forth in paragraph "7" of the Complaint, except admit that each Parent-Plaintiff sought to invoke pendency and respectfully refer the Court to each Student's DPC for a complete and accurate statement of the requests contained therein.

8.      Paragraph "8" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "8" of the Complaint and respectfully refer the Court to the statutes and regulation cited therein for a complete and accurate statement of their provisions.

9.      Paragraph "9" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "9" of the Complaint.

10.     Paragraph "10" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "10" of the Complaint and respectfully refer the Court to 20 U.S.C. §§ 1415(j) and 1415(k)(4) for a complete and accurate statement of their provisions regarding maintenance of a student's education placement.

11.     Paragraph "11" of the Complaint does not set forth an allegation, and thus does not require a response.

12.     Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein and that Defendants have acknowledged each Student-Plaintiffs' pendency placement for the 2023–2024 SY.

13.     Deny the allegations set forth in paragraph "13" of the Complaint but admit that each Student-Plaintiff has prior final administrative orders, and respectfully refer the Court to the prior final administrative orders for a complete and accurate statement of their contents.

14.     Paragraph "14" of the Complaint does not set forth an allegation, and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "14" of the Complaint except admit that Plaintiffs purport to proceed as set forth therein.

15.     Paragraph "15" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "15" of the Complaint.

16.     Deny the allegations set forth in paragraph "16" of the Complaint.

17.     Paragraph "17" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in

paragraph "17" of the Complaint, and respectfully refer the Court to Article 52-A of the New York State Education Law for information regarding the powers and duties of DOE, and to Article 89 of the New York State Education Law for additional information regarding DOE's responsibilities concerning students with disabilities.

18.     Deny the allegations set forth in paragraph "18" of the Complaint.

19.     Deny the allegations set forth in paragraph "19" of the Complaint.

20.     Deny the allegations set forth in paragraph "20" of the Complaint.

21.     Paragraph "21" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "21" of the Complaint, and respectfully refer to Court to the rule and statute cited therein for a completed and accurate statement of their provisions.

22.     Deny the allegations set forth in paragraph "22" of the Complaint.

23.     Deny the allegations set forth in paragraph "23" of the Complaint.

24.     Paragraph "24" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "24" of the Complaint and respectfully refer the Court to the statutes and regulations cited therein for a complete and accurate statement of their provisions.

25.     Paragraph "25" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "25" of the Complaint, except admit that Plaintiffs intend to invoke the Court's jurisdiction as stated therein, and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

26.     Paragraph "26" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "26" of the Complaint, except admit that Plaintiffs intend to invoke the Court's jurisdiction as stated therein, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

27.     Paragraph "27" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations in paragraph "27" of the Complaint and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

28.     Deny the allegations set forth in paragraph "28" of the Complaint, except admit that Plaintiffs seek to lay venue in this judicial district as stated therein, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

29.     Paragraph "29" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendant denies the allegations set forth in paragraph "29" and respectfully refers the Court to the rule cited therein for a complete and accurate statement of its provisions.

30.     Deny the allegations set forth in paragraph "30" of the Complaint and respectfully refer the Court to the statutes cited therein for a complete and accurate statement of their provisions.

31.     Admit, upon information and belief, the allegations in paragraph "31" of the Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Complaint, except admit that Student C.B. has been classified as a student with a disability.

33.    Deny the allegations set forth in paragraph "33" of the Complaint, except admit that Student C.B. has been classified as a student with a disability, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

34.    Deny the allegations set forth in paragraph "34" of the Complaint, except admit that special education and related services have been recommended for the Student, and respectfully refer the Court to 20 U.S.C. §§ 1401(9) and 1401(26)(A) regarding Free and Appropriate Public Education ("FAPE") and "related services."

35.    Admit, upon information and belief, the allegation set forth in paragraph "35" of the Complaint.

36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37.    Deny the allegations set forth in paragraph "37" of the Complaint except admit that Student C.B. has been classified as a student with a disability, and respectfully refer the Court to 20 U.S.C. § 1400 et seq and Article 52-A of the New York State Education Law for information regarding the duties of DOE to provide a FAPE, and to Article 89 of the New York State Education Law for information regarding DOE's responsibilities concerning students with disabilities and 20 U.S.C. §§ 1401(14) and 1414(d) regarding Individualized Education Programs ("IEPs").

38.    Admit, upon information and belief, the allegation set forth in paragraph "38" of the Complaint.

39.    Deny the allegations set forth in paragraph "39" of the Complaint, except admit that Student L.S. has been classified as a student with a disability.

40.     Deny the allegations set forth in paragraph "40" of the Complaint, except admit that Student L.S. has been classified as a student with a disability, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

41.     Deny the allegations set forth in paragraph "41" of the Complaint, except admit that special education and related services have been recommended for the Student, and respectfully refer the Court to 20 U.S.C. §§ 1401(9) and 1401(26)(A) regarding FAPE and "related services."

42.     Admit, upon information and belief, the allegation set forth in paragraph "42" of the Complaint.

43.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44.     Deny the allegations set forth in paragraph "44" of the Complaint except admit that Student L.S. has been classified as a student with a disability and respectfully refer the Court to 20 U.S.C. § 1400 et seq and Article 52-A of the New York State Education Law for information regarding the duties of DOE to provide a FAPE, and to Article 89 of the New York State Education Law for information regarding DOE's responsibilities concerning students with disabilities and 20 U.S.C. §§ 1401(14) and 1414(d) regarding Individualized Education Programs ("IEPs").

45.     Admit, upon information and belief, the allegation set forth in paragraph "45" of the Complaint.

46.     Deny the allegations set forth in paragraph "46" of the Complaint, except admit that Student S.J.D. has been classified as a student with a disability, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions .

47.     Deny the allegations set forth in paragraph "47" of the Complaint, except admit that special education and related services have been recommended for the Student, and respectfully refer the Court to 20 U.S.C. §§ 1401(9) and 1401(26)(A) regarding FAPE and "related services."

48.     Admit the allegations set forth in paragraph "48" of the Complaint.

49.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50.     Deny the allegations set forth in paragraph "50" of the Complaint except admit that Student S.J.D. has been classified as a student with a disability, and respectfully refer the Court to 20 U.S.C. § 1400 et seq and Article 52-A of the New York State Education Law for information regarding the duties of DOE to provide a FAPE, and to Article 89 of the New York State Education Law for information regarding DOE's responsibilities concerning students with disabilities and 20 U.S.C. §§ 1401(14) and 1414(d) regarding Individualized Education Programs ("IEPs").

51.     Admit, upon information and belief, the allegation set forth in paragraph "51" of the Complaint.

52.     Deny the allegations set forth in paragraph "52" of the Complaint, except admit that Student R.P. has been classified as a student with a disability.

53.     Deny the allegations set forth in paragraph "53" of the Complaint, except admit that Student R.P. has been classified as a student with a disability, and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

54.     Deny the allegations set forth in paragraph "54" of the Complaint, except admit that special education and related services have been recommended for the Student, and

respectfully refer the Court to 20 U.S.C. §§ 1401(9) and 1401(26)(A) regarding FAPE and "related services."

55.     Admit, upon information and belief, the allegation set forth in paragraph "55" of the Complaint.

56.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "56" of the Complaint.

57.     Deny the allegations set forth in paragraph "57" of the Complaint except admit that Student R.P. has been classified as a student with a disability, and respectfully refer the Court to 20 U.S.C. § 1400 et seq and Article 52-A of the New York State Education Law for information regarding the duties of DOE to provide a FAPE, and to Article 89 of the New York State Education Law for information regarding DOE's responsibilities concerning students with disabilities and 20 U.S.C. §§ 1401(14) and 1414(d) regarding Individualized Education Programs ("IEPs").

58.     Deny the allegations set forth in paragraph "58" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

59.     Deny the allegations set forth in paragraph "59" of the Complaint, and respectfully refer the Court to Article 52-A of the New York State Education Law for information regarding the powers and duties of the DOE and to the statutes and regulations cited therein for complete and accurate statements of their provisions.

60.     Deny the allegations set forth in paragraph "60" of the Complaint, except admit that the DOE is a local education agency as that term is defined in the Individuals with Disabilities Education Act ("IDEA"), and respectfully refer the Court to Article 89 of the New York State Education Law regarding the DOE's responsibilities concerning students with disabilities, and the statutes and regulations cited therein for complete and accurate statements of their provisions.

61.     Deny the allegations set forth in paragraph "61" of the Complaint, except admit that the New York State Education Department and DOE have policies and procedures related to the IDEA.

62.     Admit the allegations set forth in paragraph "62" of the Complaint and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

63.     Admit the allegations set forth in paragraph "63" of the Complaint and respectfully refer the Court to the statute cited therein for a complete and accurate statement of its provisions.

64.     Deny the allegations set forth in paragraph "64" of the Complaint, except admits that the DOE maintains a business office at 52 Chambers Street, New York, NY.

65.     Deny the allegations set forth in paragraph "65" of the Complaint, except admits that the DOE maintains a business office at 65 Court Street, Brooklyn, NY.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint.

67.     Deny the allegations set forth in paragraph "67" of the Complaint, and respectfully refer the Court to Article 89 of the New York State Education Law regarding the DOE's responsibilities concerning students with disabilities and the statutes and regulations cited therein for complete and accurate statements of their provisions.

68.     Deny the allegations set forth in paragraph "68" of the Complaint, except admit that an FOFD was issued ordering funding for iBRAIN, and respectfully refer the Court to the September 23, 2022 FOFD issued in IHO Case No. 229355 for a complete and accurate statement of its contents.

69.     Admit the allegations set forth in paragraph "69" of the Complaint.

70.     Admit the allegations set forth in paragraph "70" of the Complaint.

71.     Admit the allegations set forth in paragraph "71" of the Complaint.

72.     Deny the allegations set forth in paragraph "72" of the Complaint and respectfully refer the Court to the final order in IH Case No. 229355, for a complete and accurate statement of its contents.

73.     Deny the allegations set forth in paragraph "73" of the Complaint.

74.     Deny the allegations in paragraph "74" of the Complaint, except admit that C.B. filed a DPC and respectfully refer the Court to the DPC cited therein for a complete and accurate statement of its contents.

75.     Deny the allegations in paragraph "75" of the Complaint, except admit that C.B. filed a DPC and respectfully refer the Court to the DPC cited therein for a complete and accurate statement of its contents.

76.     Deny the allegations in paragraph "76" of the Complaint except admit that a pendency hearing took place in IH Case No. 250752 and respectfully refer the Court to the transcripts therein for a complete and accurate statement of their contents.

77.     Deny the allegations set forth in paragraph "77" of the Complaint, except admit that on October 18, 2023, IHO Paul DeSena issued an FOFD in IHO Case No. 250752, and respectfully refer the Court to that FOFD for a complete and accurate statement of its contents.

78.     Deny the allegations in paragraph "78" of the Complaint and respectfully refer the Court to the FOFD cited therein for a complete and accurate statement of its contents.

79.     Deny the allegations in paragraph "79" of the Complaint and respectfully refer the Court to the FOFD cited therein for a complete and accurate statement of its contents.

80.     Deny the allegations in paragraph "80" of the Complaint and respectfully refer the Court to the FOFD cited therein for a complete and accurate statement of its contents.

81.     Admit the allegations set forth in paragraph "81" of the Complaint.

82.     Deny the allegations set forth in paragraph "82" of the Complaint except admit that Defendants had a certain amount of time to file a NOITSR.

83.     Admit the allegations set forth in paragraph "83" of the Complaint.

84.     Admit the allegations set forth in paragraph "84" of the Complaint.

85.     Deny the allegations set forth in paragraph "85" of the Complaint except admit that Defendants had a certain amount of time to appeal the FOFD in IH Case No. 250752.

86.     Deny the allegations set forth in paragraph "86" of the Complaint and aver that on November 13, 2023 Plaintiff-Parent notified Defendants of her intention to appeal the FOFD, which she abandoned around November 29, 2023.

87.     Deny the allegations set forth in paragraph "87" of the Complaint.

88.     Deny the allegations set forth in paragraph "88" of the Complaint.

89.     Deny the allegations set forth in paragraph "89" of the Complaint.

90.     Admit the allegations set forth in paragraph "90" of the Complaint.

91.     Deny the allegations in paragraph "91" of the Complaint and respectfully refer the Court to the Opinion and Order cited therein for a complete and accurate statement of its provisions.

92.     Deny the allegations in paragraph "92" of the Complaint and respectfully refer the Court to the SRO decision cited therein for a complete and accurate statement of its contents.

93.     Admit the allegations set forth in paragraph "93" of the Complaint.

94.     Deny the allegations set forth in paragraph "94" of the Complaint.

95.     Deny the allegations set forth in paragraph "95" of the Complaint.

96.     Deny the allegations in paragraph "96" of the Complaint, except admit that Plaintiff Hidalgo filed a DPC and respectfully refer the Court to the DPC cited therein for a complete and accurate statement of its contents.

97.     Admit the allegations set forth in paragraph "97" of the Complaint.

98.     Admit the allegations set forth in paragraph "98" of the Complaint.

99.     Admit the allegations set forth in paragraph "99" of the Complaint.

100.    Admit the allegations set forth in paragraph "100" of the Complaint.

101.    Deny the allegations in paragraph "101" of the Complaint, except admit that on September 15, 2023, IHO Jennifer Ritter issued a final FOFD in IHO Case No. 251061 and respectfully refer the Court to the FOFD cited therein for a complete and accurate statement of its contents.

102.    Deny the allegations in paragraph "102" of the Complaint and respectfully refer the Court to the FOFD cited therein for a complete and accurate statement of its contents.

103.    Admit the allegations set forth in paragraph "103" of the Complaint.

104.    Admit the allegations set forth in paragraph "104" of the Complaint.

105.    Admit the allegations set forth in paragraph "105" of the Complaint.

106.    Deny the allegations set forth in paragraph "106" of the Complaint.

107.    Deny the allegations set forth in paragraph "107" of the Complaint.

108.    Deny the allegations set forth in paragraph "108" of the Complaint.

109.    Deny the allegations set forth in paragraph "109" of the Complaint.

110.    Deny the allegations in paragraph "110" of the Complaint and respectfully refer the Court to the Opinion and Order cited therein for a complete and accurate statement of its contents.

111.    Deny the allegations set forth in paragraph "111" of the Complaint and respectfully refer the Court to the FOFD cited therein for a complete and accurate statement of its contents.

112.    Admit the allegations set forth in paragraph "112" of the Complaint.

113.    Admit the allegations set forth in paragraph "113" of the Complaint.

114.    Admit the allegations set forth in paragraph "114" of the Complaint.

115.    Deny the allegations set forth in paragraph "115" of the Complain except admit that a final order exists in IH Case No. 210867 and respectfully refer the Court to the final order therein for a complete and accurate statement of its contents.

116.    Deny the allegations set forth in paragraph "116" of the Complaint.

117.    Deny the allegations set forth in paragraph "117" of the Complaint, except admit that Donohue filed a DPC.

118.    Deny the allegations set forth in paragraph "118" of the Complaint except admit that Defendants submitted a pendency implementation form in IH Case No. 251257 and respectfully refer the Court to the pendency implementation form therein for a complete and accurate statement of its contents.

119.    Deny the allegations in paragraph "119" of the Complaint and respectfully refer the Court to the FOFD and pendency implementation form cited therein for complete and accurate statements of their provisions.

120.     Deny the allegations set forth in paragraph "120" of the Complaint, except admit that on September 21, 2023, IHO Michael Das issued an FOFD in IHO Case No. 251257, and respectfully refer the Court to that FOFD for a complete and accurate statement of its provisions.

121.     Deny the allegations set forth in paragraph "121" of the Complaint and respectfully refer the Court to the FOFD cited therein for a complete and accurate statement of its provisions.

122.     Deny the allegations set forth in paragraph "122" of the Complaint and respectfully refer the Court to the FOFD cited therein for a complete and accurate statement of its provisions.

123.     Deny the allegations set forth in paragraph "123" of the Complaint.

124.     Deny the allegations set forth in paragraph "124" of the Complaint.

125.     Deny the allegations set forth in paragraph "125" of the Complaint.

126.     Deny the allegations set forth in paragraph "126" of the Complaint.

127.     Deny the allegations set forth in paragraph "127" of the Complaint.

128.     Deny the allegations in paragraph "128" of the Complaint and respectfully refer the Court to the Opinion and Order cited therein for a complete and accurate statement of its provisions.

129.     Deny the allegations in paragraph "129" of the Complaint and aver that on November 17, 2023, IHO Michael Das issued an FOFD in IHO Case No. 251257, and respectfully refer the Court to that FOFD for a complete and accurate statement of its provisions.

130.    Deny the allegations in paragraph "130" of the Complaint and respectfully refer the Court to the November 17, 2023 FOFD in IHO Case No. 251257 for a complete and accurate statement of its provisions.

131.    Deny the allegations in paragraph "131" of the Complaint except admit that Defendants had a certain amount of time to file with the Office of State Review a Verified RFR of FOFD in IHO Case No. No. 251257.

132.    Deny the allegations in paragraph "132" of the Complaint except admit that Defendants had a certain amount of time to appeal the FOFD in IHO Case No. No. 251257.

133.    Deny the allegations set forth in paragraph "133" of the Complaint, except admit that on March 13, 2023, IHO Oren Varnai issued an FOFD in IHO Case No. 228467, and respectfully refer the Court to that FOFD for a complete and accurate statement of its contents.

134.    Admit the allegations set forth in paragraph "134" of the Complaint.

135.    Admit the allegations set forth in paragraph "135" of the Complaint.

136.    Admit the allegations set forth in paragraph "136" of the Complaint.

137.    Deny the allegations in paragraph "137" of the Complaint and respectfully refer the Court to the FOFD cited therein for a complete and accurate statement of its provisions.

138.    Deny the allegations set forth in paragraph "138" of the Complaint.

139.    Deny the allegations in paragraph "139" of the Complaint, except admit that Plaintiff Paulino filed a DPC and respectfully refer the Court to the DPC cited therein for a complete and accurate statement of its contents.

140.    Deny the allegations in paragraph "140" of the Complaint except admit that on July 19, 2023, IHO John Farago issued a Pendency Order in Case No. 250927, and respectfully

refer the Court to the Pendency Order cited therein for a complete and accurate statement of its contents.

141.    Deny the allegations in paragraph "141" of the Complaint and respectfully refer the Court to the Pendency Order cited therein for a complete and accurate statement of its contents.

142.    Deny the allegations set forth in paragraph "142" of the Complaint.

143.    Deny the allegations set forth in paragraph "143" of the Complaint.

144.    Deny the allegations in paragraph "144" of the Complaint and respectfully refer the Court to the Opinion and Order cited therein for a complete and accurate statement of its provisions.

145.    Deny the allegations in paragraph "145" of the Complaint and respectfully refer the Court to the Complaint filed in *Grullon et al. v. Banks et al.*, 23-cv-05797-JGLC-VF (SDNY) for complete and accurate information about the identity of the named plaintiffs in that action.

146.    Deny the allegations in paragraph "146" of the Complaint and respectfully refer the Court to the Complaint filed in *Grullon et al. v. Banks et al.*, 23-cv-05797-JGLC-VF (SDNY) for a complete and accurate recitation of the relief requested therein.

147.    Deny the allegations in paragraph "147" of the Complaint and respectfully refer the Court to Defendants' Motion to Dismiss filed in *Grullon et al. v. Banks et al.*, 23-cv-05797-JGLC-VF (SDNY) for a complete and accurate recitation of the arguments therein.

148.    Deny the allegations in paragraph "148" of the Complaint and respectfully refer the Court to the October 19, 2023 Opinion and Order in *Grullon et al. v. Banks et al.*, 23-cv-05797-JGLC-VF (SDNY), ECF 30, for a complete and accurate recitation of the findings therein.

149. Deny the allegations in paragraph "149" of the Complaint and respectfully refer the Court to the October 19, 2023 Opinion and Order in *Grullon et al. v. Banks et al.*, 23-cv-05797-JGLC-VF (SDNY), ECF 30, for a complete and accurate recitation of the findings therein.

150. Admit the allegations in paragraph "150" of the Complaint.

151. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "151" of the Complaint.

152. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "152" of the Complaint.

153. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "153" of the Complaint.

154. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "154" of the Complaint.

155. Deny the allegations set forth in paragraph "155" of the Complaint.

156. Deny the allegations set forth in paragraph "156" of the Complaint.

157. Deny the allegations set forth in paragraph "157" of the Complaint.

158. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "158" of the Complaint.

159. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "159" of the Complaint.

160. Deny the allegations set forth in paragraph "160" of the Complaint.

161. Deny the allegations set forth in paragraph "161" of the Complaint.

162. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "162" of the Complaint.

163.    Admit the allegations set forth in paragraph "163" of the Complaint.

164.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "164" of the Complaint.

165.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "165" of the Complaint.

166.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "166" of the Complaint.

167.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "167" of the Complaint.

168.    Deny the allegations set forth in paragraph "168" of the Complaint.

169.    Deny the allegations set forth in paragraph "169" of the Complaint, except admit that Arthur Mielnik sent an email to some persons employed at the DOE and the NYC Law Department.

170.    Deny the allegations set forth in paragraph "170" of the Complaint and affirmatively state that Ms. Vladeck sent a correspondence to Mr. Mielnik on November 14, 2023.

171.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "171" of the Complaint.

172.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "172" of the Complaint.

173.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "173" of the Complaint.

174.    Deny the allegations set forth in paragraph "174" of the Complaint.

175.    Admit the allegations set forth in paragraph "175" of the Complaint.

176.    Deny the allegations set forth in paragraph "176" of the Complaint.

177.    Deny the allegations set forth in paragraph "177" of the Complaint.

178.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "178" of the Complaint.

179.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "179" of the Complaint.

180.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "180" of the Complaint.

181.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "181" of the Complaint.

182.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "182" of the Complaint.

183.    Admit the allegations set forth in paragraph "183" of the Complaint.

184.    Admit the allegations set forth in paragraph "184" of the Complaint.

185.    Admit the allegations set forth in paragraph "185" of the Complaint.

186.    Deny the allegations set forth in paragraph "186" of the Complaint and respectfully refer the Court to each Plaintiff-Student's operative final administrative order for a complete and accurate recitation of their pendency funding orders.

187.    Deny the allegations set forth in paragraph "187" of the Complaint and aver that DOE funds pendency pursuant to its ordinary payment procedures.

188.    Deny the allegations set forth in paragraph "188" of the Complaint.

189.    Deny the allegations set forth in paragraph "189" of the Complaint.

190.    Deny the allegations set forth in paragraph "190" of the Complaint.

191.    Deny the allegations set forth in paragraph "191" of the Complaint.

192.    Deny the allegations set forth in paragraph "192" of the Complaint.

193.    Deny the allegations set forth in paragraph "193" of the Complaint.

194.    Deny the allegations in paragraph "194" of the Complaint and respectfully refer the Court to the rulings in *Fiallos et al. v. Banks et al.*, 23-cv-09824-VEC (SDNY) for a complete and accurate recitation of the procedural posture therein.

195.    Deny the allegations in paragraph "195" of the Complaint and respectfully refer the Court to the rulings in *Fiallos et al. v. Banks et al.*, 23-cv-09824-VEC (SDNY) for a complete and accurate recitation of their provisions.

196.    Deny the allegations in paragraph "196" of the Complaint and respectfully refer the Court to the pleadings in *Fiallos et al. v. Banks et al.*, 23-cv-09824-VEC (SDNY) for a complete and accurate recitation of their contents.

197.    Deny the allegations in paragraph "197" of the Complaint and respectfully refer the Court to *Fiallos et al. v. Banks et al.*, 23-cv-09824-VEC (SDNY) for complete and accurate information regarding the identity of the current plaintiff/s in that matter.

198.    Deny the allegations in paragraph "198" of the Complaint and respectfully refer the Court to *Rodriguez et al. v. Banks et al.*, 23-cv-10356-KPF (SDNY) for complete and accurate information about the identity of the named plaintiffs in that action.

199.    Paragraph "199" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendant denies the allegations set forth in paragraph "199" and respectfully refers the Court to the rule cited therein for a complete and accurate statement of its provisions.

200.    Deny the allegations set forth in paragraph "200" of the Complaint.

201.     Deny the allegations set forth in paragraph "201" of the Complaint.

202.     Paragraph "202" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendant denies the allegations set forth in paragraph "202" and respectfully refers the Court to the rule cited therein for a complete and accurate statement of its provisions.

203.     Paragraph "203" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendant denies the allegations set forth in paragraph "203" and respectfully refers the Court to the statute cited therein for a complete and accurate statement of its provisions.

204.     Defendants repeat and reallege each and every response set forth above as if set forth fully herein.

205.     Paragraph "205" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendant denies the allegations set forth in paragraph "205" of the Complaint.

206.     Deny the allegations set forth in paragraph "206" of the Complaint.

207.     Deny the allegations set forth in paragraph "207" of the Complaint.

208.     Deny the allegations set forth in paragraph "208" of the Complaint.

209.     Deny the allegations set forth in paragraph "209" of the Complaint.

210.     Deny the allegations set forth in paragraph "210" of the Complaint.

211.     Deny the allegations set forth in paragraph "211" of the Complaint.

212.     Deny the allegations in paragraph "212" of the Complaint and respectfully refer the Court to the news article referenced therein for a complete and accurate statement of its contents.

213.     Deny the allegations in paragraph "212" of the Complaint and respectfully refer the Court to the news article referenced therein for a complete and accurate statement of its contents.

214.     Paragraph "214" of the Complaint is a legal conclusion and thus does not require a response. To the extent a response is required, Defendants deny the allegations set forth in paragraph "214" and respectfully refer the Court to the statute and regulation cited therein for complete and accurate statements of their provisions.

215.     Deny the allegations set forth in paragraph "215" of the Complaint.

216.     Deny the allegations set forth in paragraph "216" of the Complaint.

217.     Defendants repeat and reallege each and every response set forth above as if set forth fully herein.

218.     Deny the allegations set forth in paragraph "218" of the Complaint.

219.     Deny the allegations set forth in paragraph "219" of the Complaint.

220.     Defendants repeat and reallege each and every response set forth above as if set forth fully herein.

221.     Deny the allegations set forth in paragraph "221" of the Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

222.     Deny the allegations set forth in paragraph "222" of the Complaint.

223.     Deny the allegations set forth in paragraph "223" of the Complaint.

224.     Deny the allegations set forth in paragraph "224" of the Complaint.

### AS AND FOR A FIRST DEFENSE:

225.     The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE:

226.    Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivision thereof.

## AS AND FOR A THIRD DEFENSE:

227.    At all times relevant to the allegations in the Complaint, Defendants acted reasonably, properly, lawfully, without malice, and in good faith.

## AS AND FOR A FOURTH DEFENSE:

228.    Defendants have met their obligations under pendency.

## AS AND FOR A FIFTH DEFENSE:

229.    Plaintiffs are not entitled to an award of compensatory education, other services, or equitable relief.

## AS AND FOR A SIXTH DEFENSE:

230.    Plaintiffs are not entitled to preliminary injunctive relief.

## AS AND FOR A SEVENTH DEFENSE:

231.    Plaintiffs have failed to exhaust administrative remedies for some or all of their claims.

## AS AND FOR AN EIGHTH DEFENSE:

232.    The hours and expenses billed, and the rates charged by the Plaintiffs' counsel are unreasonable.

## AS AND FOR A NINTH DEFENSE:

233.    Equitable considerations do not merit the awards Plaintiffs seeks.

## AS AND FOR A TENTH DEFENSE:

234.    To the extent Plaintiffs are entitled to any funding, Defendants cannot fund, and the Court should not order funding for, services for which Plaintiffs have not furnished documentation demonstrating their payment and receipt of such services.

### AS AND FOR AN ELEVENTH DEFENSE:

235.    Some or all of Plaintiff's claims are moot or otherwise precluded by *Mendez v. Banks*, 65 F.4th 56 (2d Cir. 2023).

### AS AND FOR A TWELFTH DEFENSE:

236.    Plaintiffs have improperly joined parties in this action.

**WHEREFORE,** Defendants request a judgment dismissing the Complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:        January 19, 2024
              New York, New York

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, NY 10007
212-356-2079
jvyas@law.nyc.gov

By:    _____
       Jaimini Vyas
       Assistant Corporation Counsel

To:    Rory Bellantoni, Esq.
       Brain Injury Rights Group, Ltd.
       (via ECF)