

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Jaimini A. Vyas**
*Assistant Corporation Counsel*
212-356-2079
jvyas@law.nyc.gov

June 6, 2024

**BY ECF**

Honorable Katherine Polk Failla
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:  *Grullon et al. v. Banks et al.*, 23-cv-10388 (KPF)

Your Honor:

      This office represents Defendants David C. Banks, in his official capacity as Chancellor of the New York City Department of Education, and the New York City Department of Education ("DOE") in the above-referenced action. Pursuant to the Orders of the Court dated January 30, 2024 (ECF No. 30) and May 29, 2024 (ECF 32), I write this letter jointly with Plaintiffs' counsel, Rory Bellantoni, Esq., to inform the Court about the status of this case in anticipation of the post-fact initial conference currently scheduled for June 13, 2024 at 10:30 a.m. before Your Honor.

      **1. Brief Statement of the Nature of the Case**

      On November 28, 2023, Plaintiffs moved for a preliminary injunction and filed a complaint requesting the Court to:

1) issue injunctive order requiring DOE to fund each Student-Plaintiff's tuition and related services, including special transportation and nursing services, where applicable because each Student-Plaintiff's pendency placement/program is in jeopardy;

2) Issue an injunctive order requiring DOE to implement and fund L.S.'s final administrative order, FOFD, issued in her favor in IHO Case No. 251061, which requires DOE to fully and directly fund L.S.'s placement at iBRAIN, including tuition and related services, as well as special transportation; and

3) Direct Defendants to pay for the costs and expenses of maintaining this action, including reasonable attorneys' fees.

Presently, the status of the payments for the four Student-Plaintiffs is as follows:

1) C.B. Case No. 250752: DOE has made full payments toward C.B.'s tuition and transport for the 2023-2024 school year and no payments remain outstanding.

2) L.S. Case No. 251061: DOE has made full payment toward L.S.'s tuition and nursing services for the 2023-2024 school year and no payments toward tuition and nursing remain outstanding for L.S. Plaintiffs request outstanding payment for transportation services without providing additional documentation demonstrating that L.S. obtained transportation—a position Defendants are unable to accept.

3) S.J.D. Pendency Order No. 251257: DOE has made full payments toward C.B.'s tuition and nursing services for the 2023-2024 school year and no payments remain outstanding toward S.J.D.'s tuition and nursing. Plaintiffs request outstanding payment for transportation services without providing additional documentation demonstrating that S.J.D. obtained transportation—a position Defendants are unable to accept.

   Additionally, S.J.D.'s Pendency Order has been superseded by S.J.D.'s most recent FOFD issued on November 17, 2023, in case 251257. To obtain transport payment for S.J.D., Plaintiffs have recently filed a new action to implement this final FOFD for S.J.D.: *Arje et al v. Banks et al*, 24-cv-03115-DEH (SDNY).

4) R.P. Pendency Order No. 250927: DOE has made full payments toward R.P.'s tuition and transport for the 2023-2024 school year and no payments remain outstanding. As to tuition, Plaintiffs assert that $1,021.90 remains outstanding for tuition for the date of July 5, 2023. However, DOE maintains that it is obligated to pay for R.P.'s tuition from July 6, 2023 because Plaintiffs filed the Due Process Complaint ("DPC") in this case at 5:06 p.m. on July 5, 2023, and, according to the rules of the impartial hearing office, any DPC filed after 5 pm is deemed filed the next day. Thus, DOE would issue payment for the tuition for July 5, 2023, if a final FOFD is issued that awards full tuition for the entire school year. Plaintiffs advise that a final FOFD was recently issued for R.P. on May 29, 2024.

**2. Statement of all existing deadlines, due dates, and/or cut-off dates:**

Depositions and expert discovery are due on July 8, 2024 in the matter. However, parties do not anticipate taking depositions or conducting expert discovery.

**3. Brief description of any outstanding motions**

There are no outstanding motions in this case.

**4. Brief description of the status of discovery and of any additional discovery that needs to be completed.**

Parties have exchanged initial disclosures and first requests for production of documents and interrogatories as well as their objections and responses thereto. While the exchange of some discovery is outstanding, and parties agree that discovery is now closed and no further discovery is necessary as only legal issues remain.

**5. Statement describing the status of any settlement discussions and whether the parties would like a settlement conference.**

Parties discussed settlement in a meeting on June 6, 2024, wherein Plaintiffs requested outstanding payments without providing additional documentation and Defendants are unable to accept that position. However, the parties are discussing what documentation would be sufficient and obtainable by the Plaintiffs. While the parties have not foreclosed settlement, the parties do not believe a settlement conference will lead to a swifter resolution.

**6. Statement of the anticipated length of trial and whether the case is to be tried to a jury.**

Parties do not anticipate a trial in this matter and the case is not to be tried before a jury. However, the parties agree that should a trial on all issues become necessary, our best estimate for the length of a trial remains four days.

**7. Statement of whether the parties anticipate filing motions for summary judgment, including the basis of any such motion.**

Both parties are contemplating filing motions for summary judgment. Defendants believe that the court lacks jurisdiction to enforce S.J.D.'s Pendency Order as S.J.D.'s pendency now lies according to the final FOFD sub judice in *Arje et al v. Banks et al*, 24-cv-03115-DEH (SDNY); for R.P., DOE is not obligated to pay for tuition obtained on July 5, 2023 as the DPC was effectively filed on July 6, 2023; and DOE believes payment for transportation requires the submission of documentation that demonstrates in some form that transportation occurred. Additionally, Plaintiffs are contemplating a motion to amend their initial complaint. Defendants believe that any leave to amend would be prejudicial and violative of this Court's Case Management and Scheduling Order ECF #30. Moreover, leave to amend is prejudicial as the school year is nearly complete.

Thank you for Your Honor's consideration of this submission.

> Respectfully submitted,
>
> /s/ Jaimini Vyas
> Jaimini A. Vyas
> Assistant Corporation Counsel